# In the United States Court of Federal Claims

No. 13-296C
(Filed: June 18, 2013)

|  |  |  |
|---|---|---|
| TRAILBOSS ENTERPRISES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Jurisdiction Under 28 U.S.C. § 1291(b)(1) and (2); Contract Awardee Challenges Price; Terms of Contract |
| v. | ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*Jonathan A. DeMella*, Seattle, WA, for plaintiff.  *Kate H. Kennedy*, Seattle, WA, of counsel.

*Elizabeth Anne Speck*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Stuart F. Delery*, Principal Deputy Assistant Attorney General, and *Jeanne M. Davidson*, Director, Commercial Litigation Branch, for defendant.

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

**FIRESTONE**, *Judge*.

The plaintiff, Trailboss Enterprises, Inc. ("Trailboss"), an Alaska corporation, filed a complaint on April 29, 2013, requesting declaratory and injunctive relief against the defendant ("the government") in connection with an aircraft service contract awarded to Trailboss on November 14, 2012. In its complaint, Trailboss seeks to enjoin the United States Department of the Air Force ("the Air Force") from "compelling" Trailboss to perform under the awarded contract.  Compl. ¶ 2.  Trailboss also seeks a declaratory judgment that the Air Force's decision to award the contract to Trailboss and to require it

1

to perform under its terms is arbitrary and capricious, an abuse of discretion, and is otherwise not in accordance with law. Id. ¶ 22. Trailboss claims that this court has jurisdiction to hear its case under the court's bid protest jurisdiction as set forth in 28 U.S.C. § 1491(b)(1) and separately under 28 U.S.C. § 1491(a)(2), which authorizes this court to hear cases under the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101 et seq.

On April 30, 2013, the court denied Trailboss's request for a Temporary Restraining Order. Order, No. 13-296C (Fed. Cl. Apr. 30, 2013), ECF No. 8. The court stayed proceedings to allow Trailboss time to submit a status report setting forth its proposed next steps for the litigation. See Pl.'s Status Rep. (May 14, 2013), ECF No. 9. On May 22, 2013, Trailboss filed a motion to stay proceedings pending a final decision by the contracting officer, which is required by the CDA and 28 U.S.C. § 1491(a)(2). See Pl.'s Mot. Stay 7 (May 22, 2013), ECF No. 10. Trailboss asserts that a stay would "serve both goals of efficient and economic resolution of litigation." Id. 2. The government opposes the motion to stay arguing that the court may not consider Trailboss's complaint under either its bid protest or contract dispute jurisdiction and should dismiss the case on its own for lack of jurisdiction pursuant to RCFC 12(h)(3).[1] For the reasons set forth below, the case must be **DISMISSED** for lack of jurisdiction.

---

[1] Trailboss did not file a reply brief responding to the government's assertions.

A.     **Factual Background**

The dispute in this case stems from a solicitation issued on, or about, June 30, 2012, by the Air Force (Solicitation No. FA4877-12-R-0021) for transient alert services[2] at Davis-Monthan Air Force Base located in Tucson, Arizona. The solicitation included a term requiring offerors to hold their pricing offers firm for 90 calendar days after the date specified for final receipt of offers. The deadline for receipt was on September 21, 2012. Prior to the September 21, 2012 deadline, Trailboss submitted a bid in which Trailboss agreed, pursuant to the solicitation's requirements, to hold its prices firm for 90 days after the deadline. The Air Force awarded the contract to Trailboss on November 14, 2012. The Air Force, however, issued a stop work order in response to a bid protest. On January 14, 2013, the Air Force agreed to take corrective action.

On January 16, 2013, Trailboss informed the Air Force that the pricing contained in its initial offer was no longer valid because 90 days had passed and Trailboss no longer was willing to perform at the price it initially offered. On January 18, 2013, the Air Force informed Trailboss that, notwithstanding Trailboss's interpretation of its firm price offer, the Air Force intended to retain Trailboss as the contractor and to hold it to the September price. Before Trailboss could begin work, another protest was filed with the

---

[2] Transient alert services are related to the maintenance and operations of aircraft.

GAO on January 29, 2013 and the Air Force again issued a stop work order. That protest was to conclude by May 9, 2013, whereupon Trailboss was due to start performance.[3]

**B. Trailboss Lacks Standing to Bring a Bid Protest Claim Under 28 U.S.C. § 1491(b)(1)**

This court is required to dismiss a complaint in cases where it finds that it lacks subject matter jurisdiction. RCFC 12(h)(3); Smith v. United States, 495 F. App'x 44, 47 (Fed. Cir. 2012) ("If the Court of Federal Claims determines at any time that it lacks subject matter jurisdiction, it must dismiss the action."); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Here, as the contract awardee, Trailboss cannot establish subject matter jurisdiction under 28 U.S.C. § 1491 (b)(1) because it does not have standing as an "interested party" under the court's bid protest jurisdiction. Section 1491(b)(1) provides in relevant part that:

> The Unite[d] States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1). To meet the "interested party" standard for standing under Section 1491(b)(1), the plaintiff must be an "actual or prospective bidder" and demonstrate that it possesses a direct economic interest in the contract award. See Sys. Application & Tech., Inc. v. United States, 691 F.3d 1374, 1382 (Fed. Cir. 2012) (citation omitted). Where the plaintiff is the awardee of the contract, however, it no longer has

---

[3] In filings subsequent to May 9, 2013, Trailboss has not explicitly stated that it has begun performance on the subject contract; however, the court does not have reason to believe otherwise based on representations made at the April 30, 2013 hearing.

standing under Section 1491(b)(1) as an interested party for the purpose of challenging the terms of the award. Diversified Maint. Sys., Inc. v. United States, 103 Fed. Cl. 431, 436-37 (2012) (citing Outdoor Venture Corp. v. United States, 100 Fed. Cl. 146, 152 (2011)); see also Ingersoll-Rand Co. v. United States, 780 F.2d 74, 79 (D.C. Cir. 1985). Rather, once awarded a contract, objections to the price terms of the contract award are matters of contract administration which are properly brought as claims pursuant to this court's CDA jurisdiction under 28 U.S.C. § 1491(a)(2).[4] Adv. Am. Constr., Inc. v. United States, No. 12-694C, 2013 WL 2436518 (Fed. Cl. June 5, 2013) (citing Diversified Maint. Sys., 103 Fed. Cl. at 435-36); Outdoor Venture Corp., 100 Fed. Cl. at 152.

---

[4] The Federal Circuit has found contract awardees to have standing under Section 1491(b)(1) in cases where the agency, following a GAO protest, intends to take "corrective action" that may result in the need to recompete the contract resulting in a situation where the plaintiff, as awardee, is faced with a potential loss of the contract. Sys. Application & Tech., 691 F.3d at 1382-83; see Diversified Maint. Sys., 103 Fed. Cl. at 437. In such cases, standing is predicated on the fact that the particular "corrective action" taken by the agency forces the contract awardee into a position where it must spend additional resources to once again win the contract work in circumstances that amount essentially to a reversion to pre-award status. Diversified Maint. Sys., 103 Fed. Cl. at 437; see also Sys. Application & Tech., 691 F.3d at 1382-83 (holding that the contractor had standing to bring a pre-award bid protest because costs associated with rebidding on the contract amounted to an injury). Trailboss cannot establish standing on this ground because Trailboss does not allege, and there are no facts to suggest, Trailboss objected to the corrective action taken by the government. To the contrary, Trailboss in this case seeks to absolve itself of its contract obligations following the government's acceptance of its offer.

Had Trailboss been concerned about the potential negative impact that delays in performance may have had on its pricing offer, it could have properly challenged the terms of the solicitation prospectively as a pre-award protest instead of disputing the price terms of the contract that it already had won. See Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007) (regarding the timing of challenges to a solicitation).

Here, Trailboss won the contract on November 14, 2012, well within the 90-day period for which it agreed to hold open its offer. Since the Air Force never terminated—or even expressed intent to terminate—Trailboss's contract, Trailboss's claim concerning the 90-day firm offer period is a matter of post-award contract administration governed by this court's contract dispute jurisdiction. Accordingly, Trailboss, as the contract awardee lacks standing under the bid protest provisions of 28 U.S.C. § 1491(b)(1) to challenge the terms of its contract. Trailboss's complaint must be dismissed to the extent it is based on this court's bid protest jurisdiction.

C.     **This Court Lacks Jurisdiction Over Trailboss's CDA Claim**

The court further finds that it does not possess jurisdiction under 28 U.S.C. 1491(a)(2) to consider Trailboss's contract dispute claims because Trailboss has not yet complied with the CDA, 41 U.S.C. § 7101 et seq. The CDA provides the exclusive framework for the plaintiff's contract dispute with the government. Diversified Maint. Sys., Inc., 103 Fed. Cl. at 435-36 (citing Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed. Cir. 2012)). Under 28 U.S.C. § 1491(a)(2) this court has "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under . . . [the CDA] . . . on which a decision of the contracting officer has been issued. . . ." 28 U.S.C. § 1491(a)(2). This court's jurisdiction to consider contract dispute claims is dependent upon the plaintiff first obtaining a contracting officer's final decision pursuant to the CDA, 41 U.S.C. § 7104(b)(1). M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323,1327 (Fed. Cir. 2010) ("This Court has found that jurisdiction [under the Tucker Act] requires both a valid claim and a contracting officer's final decision on that

6

claim.") (citation omitted).  Where the plaintiff fails to obtain a contracting officer's final decision, the court must dismiss the case for lack of jurisdiction.  See, e.g., Diversified Maint. Sys., Inc. v. United States, 110 Fed. Cl. 612, 617 (2013).

Here, it is not disputed that Trailboss filed its complaint before obtaining a contracting officer's final decision.  In such circumstances, the court does not have jurisdiction over Trailboss's CDA claim and must dismiss the complaint.

### D. Conclusion

For the reasons stated above, the plaintiff's case is hereby **DISMISSED** without prejudice.  The Clerk is directed to enter judgment accordingly.[5]  The parties shall bear their own costs.[6]

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[5] If the plaintiff should decide to file an action after receiving a final contracting officer decision, the Clerk shall assign the action to this judge and waive the filing fee.

[6] Because the court lacks jurisdiction over the plaintiff's case, the plaintiff's motion to stay must be **DENIED** as moot.